## Case No. 15,743.

UNITED STATES v. MATTINGLY et al.

[6 Int. Rev. Rec. 19.]

Circuit Court, D. Kentucky. 1867.

INTERNAL REVENUE—DISTILLED SPIRITS—EVADING PAYMENT OF TAX—PENALTY—HOW RECOVERABLE.

[1. A verdict of guilty of having in custody and possession distilled spirits, with intent to sell the same and evade payment of the tax thereon, in violation of section 48 of the act of June 30, 1864 (13 Stat. 240), is not bad, merely because the jury have not found the number of gallons of such spirits.]

[2. The penalties imposed by that section may be recovered by indictment. The government is not restricted to an information or action of debt.]

This was an indictment under section 48, Act June 30, 1864 [13 Stat. 240], charging John and William Mattingly with having in their custody and possession a large quantity of distilled spirits, subject to duty, for the purpose of selling the same, with intent to evade payment of the tax.

Upon trial by jury in the district court, there was a general verdict of guilty. Whereupon defendants' counsel entered motions for new trial and in arrest of judgment. The motion for a new trial was overruled by the district judge, and the case thereupon remitted to the circuit court for argument before full bench on the motion in arrest of judgment. On the 27th of July this motion was fully and elaborately argued before Mr. Justice SWAYNE and District Judge BALLARD.

Counsel for the accused presented the following points which were argued seriatim: (1) The indictment was insufficient, because it did not aver that the whiskey was found in the possession of the accused. (2) The verdict did not authorize a judgment because the jury had not found the number of gallons of spirits. (3) The penalty pronounced by section 48 could only be recovered by information or action of debt, and not by indictment.

B. H. Bristow, U. S. Dist. Atty.

Jos. Speed and H. J. Stites, for defense.

Before SWAYNE, Circuit Justice, and BALLARD, District Judge.

SWAYNE, Circuit Justice, delivered the opinion of the court overruling each of the foregoing points, and concluded by denying the motion in arrest of judgment, and thereupon several judgments were rendered against the defendants for sixteen thousand dollars, that being double the amount of tax on the whiskey (4,000 gallons) proved to have been sold by them.

NOTE. This case elicited much interest, and is regarded as settling important points of practice under the internal revenue laws.

---

UNITED STATES (MATTINGLY v.). See Case No. 9,295.